UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHELLE BROWNING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:25-cv-01472-JPH-KMB |
| ) | |
| NATIONSTAR MORTGAGE LLC, d/b/a ) | |
| MR. COOPER, ) | |
| WINTRUST MORTGAGE, ) | |
| WAYNE COUNTY CLERK'S OFFICE, ) | |
| WAYNE COUNTY FAMILY COURT ) | |
| OFFICIALS, ) | |
| INDIANA HOUSING AND COMMUNITY ) | |
| DEVLEOPMENT AUTHORITY, ) | |
| DEFENDANT ACTING UNDER COLOR ) | |
| OF LAW, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**I.
Filing Fee**

Plaintiff Michelle Browning has filed her complaint without paying the $405 filing fee or demonstrating that she lacks the financial ability to do so. Ms. Browning **SHALL** either pay the $405 filing fee or seek leave to proceed *in forma pauperis* **by August 8, 2025**.

The **Clerk shall include** a form motion to proceed *in forma pauperis* with Ms. Browning's copy of this Order.

**II.
Order to Show Cause**

Ms. Browning filed her complaint on July 22, 2025. Dkt. 1. She also filed a motion for a temporary restraining order and preliminary injunction on

the same day.  Dkt. 2.  In that motion, she seeks to halt the foreclosure transfer of her home, terminate child support proceedings brought against her, and compel the defendants to preserve records, cease credit reporting, and halt post-judgment coordination pending a federal hearing.  *Id.* at 5.

Under the *Rooker–Feldman* doctrine, this Court cannot "review the decisions of state courts in civil cases."  *Gilbert v. Ill. State Bd. of Education*, 591 F.3d 896, 900–901 (7th Cir. 2010).  That rule applies even if "the state court judgment might be erroneous."  *Id.*  Here, Ms. Browning appears to be challenging decisions by the state courts that decided her foreclosure and child support proceedings.  Dkts. 1, 2.  Granting Ms. Browning the injunctive relief she seeks would invalidate the state court decisions she appears to be challenging, which is "precisely what is forbidden by *Rooker-Feldman*."  *Gilbert*, 591 F.3d at 900–901; *see Andrade v. City of Hammond*, 9 F.4th 947, 949–50 (7th Cir. 2021).  Additionally, the domestic-relations exception to federal jurisdiction also prevents the Court from "deciding cases involving particular domestic relations matters, such as a decree of child support."  *Camarda v. Whitehorn*, 2025 WL 1121599, at *1 (7th Cir. Apr. 16, 2025) (internal citations omitted) (first citing *Marshall v. Marshall*, 547 U.S. 293, 307–08 (2006); then citing *Friedlander v. Friedlander*, 149 F.3d 739, 740 (7th Cir. 1998)).  Ms. Browning would therefore be required to pursue this relief in the state courts.

Ms. Browning shall have through **August 8, 2025** to show cause why her motion for a temporary restraining order and a preliminary injunction should

not be denied for lack of subject-matter jurisdiction.  If she does not respond, the motion will be denied without further warning.

The Court will screen Ms. Browning's complaint in due course.

**SO ORDERED.**

Date: 7/23/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MICHELLE BROWNING
3998 Emerald Cir.
Richmond, IN 47374

3