UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHELLE BROWNING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-01472-JPH-KMB |
| | ) | |
| NATIONSTAR MORTGAGE LLC, d/b/a | ) | |
| MR. COOPER, | ) | |
| WINTRUST MORTGAGE, | ) | |
| WAYNE COUNTY CLERK'S OFFICE, | ) | |
| WAYNE COUNTY FAMILY COURT | ) | |
| OFFICIALS, | ) | |
| INDIANA HOUSING AND COMMUNITY | ) | |
| DEVLEOPMENT AUTHORITY, | ) | |
| DEFENDANT ACTING UNDER COLOR | ) | |
| OF LAW, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**I.
Motions for Injunctive Relief**

On July 22, 2025, Ms. Browning filed a motion for a temporary restraining order and preliminary injunction. Dkt. 2. The Court ordered her to show cause by August 8 why her motion for injunctive relief should not be denied for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine and domestic-relations exception to federal jurisdiction. Dkt. 9. On August 7, Ms. Browning submitted a filing titled "Verified Petition for Injunction." Dkt. 11. The Court construes this filing to be her response to the Court's order to show cause.

1

In her August 7 filing, Ms. Browning seeks "relief of judgment pursuant to Federal Civil Rules of Procedure 60(b) to stop the eviction process and to set aside the sheriff's deed." *Id.* at 1. From this, it still appears that Ms. Browning is challenging the state-court decisions that underpin this eviction proceeding. Granting Ms. Browning the injunctive relief she seeks would invalidate the state court decisions she is challenging, which is "precisely what is forbidden by *Rooker-Feldman*." *Gilbert v. Ill. State Bd. of Educ.*, 591 F.3d 896, 900–01 (7th Cir. 2010).

She argues in her accompanying brief that she is challenging the state-court judgment as void for lack of jurisdiction, meaning the *Rooker-Feldman* doctrine does not apply here. Dkt. 12. Even if *Rooker-Feldman* does not apply here, the Anti-Injunction Act bars a federal court from enjoining ongoing state-court proceedings, except "as expressly authorized by an Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Ms. Browning has not offered any justification for why the Court has the power to grant her requested relief of enjoining the ongoing state-court eviction proceedings. *See Bond v. JPMorgan Chase Bank, N.A.*, 526 F. App'x 698, 702 (7th Cir. 2013) ("[H]ad [the plaintiff] requested an injunction staying the eviction proceedings, we think it unlikely that the court would have been permitted to grant him that relief.").

Accordingly, her motions for injunctive relief, dkts. [2], [11], are **denied**.

## II.
## Screening the Complaint

### A. Screening standard

The Court has the inherent authority to screen Ms. Browning's complaint. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."). The Court may dismiss claims within a complaint that fail to state a claim upon which relief may be granted. *See id.* In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

### B. The complaint

Ms. Browning sues six defendants: (1) Nationstar Mortgage LLC, (2) Wintrust Mortgage, (3) Wayne County Clerk's Office, (4) Wayne County Family Court Officials, (5) Indiana Housing and Community Development Authority ("IHCDA"), and (6) "Defendants Acting Under Color of Law." Dkt. 1 at 2–3.

She asserts claims under the following federal statutes: (1) 42 U.S.C. § 1983; (2) 42 U.S.C. § 1985; (3) the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; (4) the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*; (5) the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1635, 1640; (6) the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; (7) the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*; and (8) the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681i(a).

Ms. Browning is a "disabled veteran and legal caregiver to dependent minors." Dkt. 1 at 5. She has a mortgage insured by the Department of Veteran Affairs that was originated by Wintrust Mortgage. *Id.* at 5–6. Another lender, Nationstar Mortgage, initiated foreclosure proceedings in January 2025. *Id.* at 6. She alleges that she has made repeated payments on the mortgage that have not been applied to her mortgage balance, and the original loan was refinanced under predatory conditions. *Id.* at 6. She also alleges that IHCDA improperly disbursed foreclosure-related funds to the mortgage servicers and refused to correct disability-related servicing conditions. *Id.* at 3. She alleges further that her "credit was falsified to show default by multiple servicers simultaneously," impacting her ability to find new housing. *Id.* at 7.

Ms. Browning alleges that the Wayne County Clerk's Office interfered with her ability to litigate this foreclosure and the enforcement of pending child support obligations. *Id.* at 3. She also alleges that Wayne County Family Court Officials initiated the enforcement of these child support obligations to coincide with the foreclosure proceedings. *Id.* at 3, 6.

Ms. Browning seeks monetary and injunctive relief. *Id.* at 13–14.

### C. Discussion of claims

Ms. Browning's claim against the Wayne County Clerk's Office is **dismissed**. Section 1983 requires a "person acting under color of state law" depriving a plaintiff of federal constitutional rights. *Armato v. Grounds*, 766 F.3d 713, 720 (7th Cir. 2014). But "states and their agencies are not 'persons' subject to suit under 42 U.S.C. § 1983." *Johnson v. Supreme Court of Illinois*, 165 F.3d 1140, 1141 (7th Cir. 1999) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70–71 (1989)). The Wayne County Clerk's Office, as part of the Wayne County state courts, "is a division of the State of Indiana, so [Ms. Browning's] suit is one against Indiana itself." *See King v. Marion Circuit Court*, 868 F.3d 589, 591 (7th Cir. 2017). In effect, Ms. Browning is suing the State of Indiana, and such a suit is barred by the Eleventh Amendment. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)).

Ms. Browning's claims against the Wayne County Family Court Officials and "Defendants Acting Under Color of Law" are also **dismissed** because they are anonymous defendants, and Ms. Browning cannot maintain a suit against anonymous defendants. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15 . . . nor can it otherwise help the plaintiff.").

5

Further, Ms. Browning's claim under § 1985 is **dismissed**. To state a claim under § 1985, she must show, among other things, "some racial, or otherwise class-based invidiously discriminatory animus behind the conspirators' actions, and that the conspiracy aimed at interfering with rights that are protected against private, as well as official, encroachment." *Green v. Benden*, 281 F.3d 661, 665 (7th Cir. 2002). Ms. Browning's complaint contains no allegations that she was denied the equal protection of the laws based on her race, so this claim must be dismissed for failure to state a claim.

To summarize, the following Defendants are **dismissed** from the case: the Wayne County's Clerk's Office; Wayne County Family Court Officials; and "Defendants Acting Under Color of Law." The **clerk is directed** to terminate these defendants from the docket. Because these defendants have been dismissed from the case, Counts I and II of Ms. Browning's complaint are **dismissed**.

So, the following claims in Ms. Browning's Complaint remain against Nationstar Mortgage, Wintrust Mortgage, and IHCDA:

- Her FDCPA claim (Count III)
- Her RESPA claim (Count IV)
- Her TILA claim (Count V)
- Her ADA and Rehabilitation Act (Count VI)
- Her FCRA claim (Count VII)

No other plausible claims or defendants have been identified in the complaint. If Ms. Browning believes that the Court has overlooked a claim or

6

defendant, she shall have **through September 5, 2025**, to identify those omissions to the Court.

### III.
### Directing Service of Process

The clerk is **directed** under Federal Rule of Civil Procedure 4(c)(3) to issue process to Nationstar Mortgage, Wintrust Mortgage, and IHCDA in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. 1, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

### IV.
### Conclusion

Counts I and II of Ms. Browning's Complaint are **dismissed**. The **clerk is directed** to terminate the Wayne County's Clerk's Office, Wayne County Family Court Officials, and "Defendants Acting Under Color of Law" from the docket. Counts III through VII of Ms. Browning's Complaint proceed, and the **clerk is directed** to issue process to Nationstar Mortgage, Wintrust Mortgage, and IHCDA.

Ms. Browning's motions for injunctive relief, dkts. [2], [11], are **denied**. Ms. Browning has also filed a "Motion to Preserve and Produce Clerk Records and Communications," which the Court construes as a motion for discovery. That motion is **denied** as premature at this stage of the proceeding. Dkt. [5].

**SO ORDERED.**

Date: 8/8/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MICHELLE BROWNING
3998 Emerald Cir.
Richmond, IN 47374

Nationstar Mortgage LLC d/b/a Mr. Cooper
8950 Cypress Waters Blvd.
Coppell, TX 75019

Wintrust Mortgage
9700 W. Higgins Road
Suite 300
Rosemont, IL 60018

Indiana Housing & Community Development Authority
30 South Meridian Street
Suite 900
Indianapolis, IN 46204